13637

MUTUAL BENEFIT LIFE INSURANCE CO. v. YARBOROUGH'S ESTATE *ET AL.*

WOODRUFF OIL & FERTILIZER CO. *ET AL.* v. SAME

(169 S. E., 289)

September, 1931.

488

490

496

498

500

502

504

*Mr. R. B. Paslay,* for Yarborough, appellants,

*Messrs. Blackwell, Sullivan & Wilson,* for Yarborough, appellants,

*Messrs. Hood & Hood, Lyles & Daniel,* for respondent Mutual Benefit Life Insurance Co.,

*Mr. J. B. Atkinson,* for respondent American Agricultural Chemical Co.,

May 11, 1933.

The opinion of the Court was delivered by Mr. Justice Stabler.

As the Circuit decree, which will be reported, contains a full statement of the facts out of which the two actions—consolidated by the master—arose, we will not repeat them here. The Yarboroughs alone appeal, and by twenty exceptions challenge the correctness of the conclusions reached by the Court below. Some of these exceptions are not argued and are, therefore, assumed to be abandoned, while others are too general for consideration. The questions, however, which the appeal properly presents, with the exception of the matter of the two-fund doctrine, are correctly disposed of, we conclude without hesitation, by the order of Judge Sease, and will not be referred to again except, perhaps, incidentally. The question of homestead, raised here for the first time, if raised at all, will also be noticed.

Daniel Yarborough in his lifetime mortgaged to the Benefit Insurance Company 335 acres of his lands; after his death the executors of his will, under a valid testamentary power, gave to the American Agricultural Chemical Company a mortgage of the 335 acres already mortgaged to the insurance company and of an additional tract of 110 acres. The Circuit Judge concluded, giving to the chemical company's final exception to the Master's report a liberal construction, that as all the lands of the Yarborough estate, incumbered and unincumbered, could be subjected to the payment·of the debt owing the insurance company, it was only just and equitable that the two-fund doctrine should be invoked for the benefit of the chemical company, which could resort only to the lands included in its mortgage for the payment of its claim. He, therefore, in order to give effect to his views, directed that the unincumbered lands of the testator, about 1,400 acres, be first sold and the proceeds thereof, after the payment of costs and of the expenses of the actions, be applied to the payment of the debt owing the in-

surance company, and that the mortgage held by that company should be foreclosed only in case the proceeds derived from the sale of the unincumbered lands should have proved insufficient to pay its claim.

The appellants argue that the chemical company is not entitled to the benefit of the two-fund doctrine, for the reasons: (1) that the question was not raised by its pleading or by any exception to the Master's report; (2) that there is no common debtor of the two claimants; (3) that as it has no rights in the unincumbered property superior to those of judgment creditors of the Yarborough heirs, it would be to the detriment of these creditors to allow it to invoke the doctrine; (4) that to apply the doctrine would tend to destroy the homestead right of those entitled to homestead in the Yarborough estate, which is a paramount right.

It is conceded that the chemical company did not plead the benefit of the two-fund doctrine. However, its counsel contends that the action brought in 1924 for marshaling the assets—which was afterwards consolidated with the one brought by the insurance company in 1931 for the foreclosure of its mortgage—was such an equitable proceeding as would require the application of the doctrine in the consideration of claims filed, even though it was not pleaded. While this contention is not without support of respectable authority, it appears that the majority and better rule is that "the issue of marshaling assets must be raised by the pleadings," and that one claiming the benefit of the two-fund doctrine must "allege such facts as entitle him thereto." 38 C. J., 1382. Nor do we think that the exception of the chemical company to the Master's report raises the question, as broadly applied by the Circuit decree. This exception reads as follows: "That he (the Master) should have held that any deficiency judgment in favor of plaintiff (insurance company) could not affect the lien of defendant (chemical company) until all of the rest of testator's lands had been exhausted." It is evident that the point

made by this exception was that, upon foreclosure of the plaintiff's mortgage and the sale of the lands covered by it, if the proceeds were insufficient to pay the insurance company's claim, any deficiency judgment in its favor should be paid out of funds derived from the sale of the unincumbered lands before that company should be allowed to go upon the 110 acres on which the chemical company alone held a mortgage. It appears that the question was not properly brought before the Circuit Judge; but even if it had been, the chemical company was not entitled to the relief granted, as we shall show.

One of the requirements for the application of the ■■ doctrine is that "before a Court of Equity will marshal assets or securities between two persons it must appear that they are creditors of the same debtor." 38 C. J., 1367. The Master found that the insurance company's claim was the "only unpaid debt of Daniel Yarborough." The Circuit Judge held that the insurance company's claim "is a debt of the estate of Daniel Yarborough and the only unpaid debt of that estate." While counsel for the chemical company, in support of his position, necessarily urges that "the common debtor * * * is the estate of Daniel Yarborough," this position is directly opposed to the holding of the Circuit Judge, from which there is no appeal.

The Master also found, and the Circuit Judge held, that any deficiency judgment on the claim of the chemical company should rank "after all previously entered judgments against the heirs or any of them, after the mortgaged property is exhausted." It would seem, therefore, that the third contention of the appellants is not without merit. However, as the judgment creditors of the heirs are not here complaining, this contention is resolved in favor of the chemical company.

With regard to the question of homestead, there is ■■ grave doubt whether it is properly raised here at this time. Furthermore, there is nothing in the record that

indicates who, if any one, is entitled to a homestead in the testator's estate. In any event, only one homestead, of the value of $1,000.00, could be set aside to those who might be entitled thereto. If this suit had gone to final settlement and the case closed, no party to this proceeding, who might have a claim of homestead in the testator's estate but fails to assert it herein, could later raise the question in a separate action. However, as these proceedings have not been finally determined, we resolve the doubt in favor of any such possible claimants, and upon the remand to the Court below, any party or parties, if so advised, may apply to that Court in this case for a determination of that question, any such homestead to be assigned out of the unincumbered lands before they are subjected to the payment of any deficiency judgment in favor of the insurance company.

In addition to what we have said, it appears to us that the application of the doctrine would, in effect, defeat the testator's intention, in creating the power to mortgage, namely, to limit the property of his estate to which recourse might be had, directly or indirectly, for the payment of debts created thereunder. It may be, too, that the Circuit Judge extended the doctrine beyond its prescribed limits in applying it under the peculiar facts of this case. But as that question is not raised, we express no opinion with reference thereto.

It follows, from the conclusions reached, that the sale of the real estate must be in the following order:

(1) The 335 acres covered by the mortgage of the insurance company, (2) the unincumbered lands, and (3) the 110-acre tract on which the chemical company alone has a mortgage.

The decree is modified as herein indicated, and the case is remanded to the Circuit Court for further proceedings consistent with this opinion.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE BONHAM concur.

Mr. Circuit Judge C. C. Featherstone Acting Associate Justice, concurs in result.